Jennifer L. Braster
Nevada Bar No. 9982
MAUPIN • NAYLOR • BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@naylorandbrasterlaw.com

Attorneys for Defendant
Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIANE M. CORSARO,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; CHASE BANK, NATIONAL ASSOCIATION; SPECIALIZED LOAN SERVICING, LLC; SYNCHRONY BANK A/K/A SYNCB/SAMS CLUB DC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | Case No. 2:16-cv-01185-JCM-PAL<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: May 26, 2016 |

IT IS HEREBY STIPULATED by and between Plaintiff Diane M. Corsaro ("Plaintiff"), Defendant Chase Bank, National Association, Defendant Specialized Loan Servicing, LLC, Defendant Synchrony Bank (erroneously sued as "Synchrony Bank a/k/a Syncb/Sams Club DC"), and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

1      THEREFORE, an Order of this Court protecting such confidential information shall be
2 and hereby is made by this Court on the following terms:

3      1.     This Order shall govern the use, handling and disclosure of all depositions,
4 documents produced in response to requests for production of documents, answers to
5 interrogatories, responses to requests for admissions, responses to requests for inspection, all
6 other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, all
7 documents produced by any party in response to informal discovery requests, and all
8 computerized records which the disclosing party designates to be subject to this Order in
9 accordance with the terms hereof.

10     2.     Any party or non-party producing or filing documents or other materials in this
11 action may designate such materials and the information contained therein subject to this Order
12 by typing or stamping on the front of the document, or on the portion(s) of the document for
13 which confidential treatment is designated, "Confidential."

14     3.     Whenever a deposition involves a disclosure of confidential material, the
15 following procedures shall be implemented:

16         (a)   The reporter shall mark those pages of the transcript containing Protected
17 Material.  The cover of any deposition transcript that contains confidential material shall be
18 prominently marked with the legend: "CONFIDENTIAL SUBJECT TO PROTECTIVE
19 ORDER."  Dissemination of any deposition transcript portions so designated or the content
20 thereof shall be limited to the persons given access in accordance with paragraph 7. The
21 disclosing party shall be responsible for directing the reporter to perform the tasks set forth in this
22 subparagraph.

23         (b)   No one other than persons given access in accordance with paragraph 7 of
24 this Protective Order may review the portions of a deposition transcript that have been marked as
25 containing Protected Material.  If any Protected Material is shown or discussed at a deposition,
26 any person other than persons given access in accordance with paragraph 7 of this Protective
27 Order (and the court reporter and witness) must leave the deposition.  Such person(s) may return
28 to the deposition immediately after the discussion relating to the confidential material ceases.

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

The disclosing party shall be responsible for requesting deposition attendees to leave the room and advising when they may return to the room, as set forth in this subparagraph.

(c) After receipt of the deposition transcript, the parties shall have fourteen days to review the transcript and designate any additional portions of the testimony as confidential. Any portions of the testimony designated as confidential in this manner shall thereafter be treated as confidential material under this Protective Order.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule IA 10-5.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential," shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. If the disclosing party inadvertently discloses any document or thing containing information that it deems confidential without designating it as confidential material, the disclosing party shall inform opposing counsel in writing within seven days of discovery of such inadvertent disclosure, and the information shall thereafter be treated as confidential material under the Protective Order. To the extent such information may have been disclosed to persons other than persons given access in accordance with paragraph 7 of this Protective Order, reasonable efforts to retrieve the information promptly from such person(s) and to avoid any further disclosure to the non-authorized person(s) shall be made.

1       7.      Except with the prior written consent of the individual or entity designating a
2  document or portions of a document as "Confidential," or pursuant to prior Order after notice, any
3  document, transcript or pleading given "Confidential" treatment under this Order, and any
4  information contained in, or derived from any such materials (including but not limited to, all
5  deposition testimony that refers to, reflects or otherwise discusses any information designated
6  "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may
7  not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this
8  litigation; (c) counsel for the parties, whether retained outside counsel—including national
9  counsel that is not listed as counsel of record in this action—or in-house counsel and employees
10 of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses
11 subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know
12 such information; (e) present or former employees of the Producing Party in connection with their
13 depositions in this action (provided that no former employees shall be shown documents prepared
14 after the date of his or her departure); and (f) experts specifically retained as consultants or expert
15 witnesses in connection with this litigation.

16      8.      Documents produced pursuant to this Order shall not be made available to any
17 person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to
18 be bound by its terms, and signed the attached Declaration of Compliance. All persons receiving
19 any or all documents produced pursuant to this Order shall be advised of their confidential nature.
20 All persons to whom confidential information and/or documents are disclosed are hereby
21 enjoined from disclosing same to any person except as provided herein, and are further enjoined
22 from using same except in the preparation for and trial of the above-captioned action between the
23 named parties thereto.

24      9.      Each person covered by this Protective Order shall take reasonable precaution to
25 prevent disclosure of confidential material, including but not limited to physically securing,
26 safeguarding and restricting access to the confidential material.  No person receiving or reviewing
27 such confidential documents, information or transcript shall disseminate or disclose them to any
28 person other than those described above in Paragraph 7 and for the purposes specified, and in no

1  event shall such person make any other use of such document or transcript. The confidentiality of
2  information learned pursuant to this Protective Order shall be maintained in perpetuity, subject to
3  revision at any time by the Court and cessation of protection when the information
4  becomes public knowledge through means other than violation of this Protective Order.

5      10.   Nothing in this Protective Order shall be deemed to expand the scope of
6  discovery. Nothing in this Protective Order shall be deemed to preclude any party or parties from
7  seeking and obtaining, on an appropriate showing, additional protection with respect
8  to the confidentiality of documents or other discovery material or relief from this Protective
9  Order, with respect to particular designated material.

10      11.   The Parties may agree in writing to modifications to the disclosure of confidential
11  material permitted or covered by this Protective Order. Such modification(s) shall be
12  incorporated in a written consent order and submitted to the Court.

13      12.   If any of the parties object to the designation of documents or materials as
14  confidential material, their counsel shall inform opposing counsel of their position in writing.
15  Thereafter, counsel shall meet and confer in good faith to attempt to resolve their differences. If
16  counsel cannot resolve their differences, a motion may be filed with the Court seeking to re-
17  designate the documents or materials at issue.

18      13.   If any entity subpoenas or orders production of confidential material that a party or
19  parties have obtained subject to this order, the party or parties subpoenaed or ordered shall
20  promptly notify opposing counsel of the pendency of the subpoena or order and shall not produce
21  the information until opposing counsel shall have reasonable time (which shall be no less than 10
22  business days) to object or take other appropriate steps to protect the information.

23      14.   If any party or parties subpoenas documents from a third party for purposes of this
24  litigation, that party or parties shall notify opposing counsel of the issuance of the subpoena at
25  least 10 business days prior to the receipt of any documents pursuant to that subpoena in order to
26  allow opposing counsel to designate any responsive material as confidential material or otherwise
27  object to the production.

28      15.   Nothing in this Order shall prevent a party from using at trial any information or

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

materials designated "Confidential."

16. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

17. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

18. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

19. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

20. This Protective Order shall survive the final termination of the action (including all appeals).

21. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

DATED this 31st day of October 2016.

| | |
|---|---|
| HAINES & KRIEGER, LLC | MAUPIN • NAYLOR • BRASTER |
| By: */s/ David Krieger*<br>David Krieger<br>8985 S. Eastern Avenue, Suite 350<br>Las Vegas, Nevada 89123 | By: */s/ Jennifer L. Braster*<br>Jennifer L. Braster<br>1050 Indigo Drive, Suite 112<br>Las Vegas, NV 89145 |
| *Attorneys for Plaintiff Diane M. Corsaro* | *Attorneys for Defendant Experian Information Solutions, Inc.* |
| BALLARD SPAHR | TIFFANY & BOSCO P.A. |
| By: */s/ Lindsay C. Demaree*<br>Abran E. Vigil<br>Lindsay C. Demaree<br>100 City Parkway, Suite 1750<br>Las Vegas, NV 89106 | By: */s/ Gregory L. Wilde*<br>Gregory L Wilde<br>212 South Jones Blvd.<br>Las Vegas, NV 89107 |
| *Attorneys for Chase Bank, National Association* | *Attorney for Specialized Loan Servicing, LLC* |
| AKERMAN LLP | |
| By: */s/ Rex Garner*<br>Melanie D. Morgan<br>Rex Garner<br>1160 Town Center Drive, Suite 330<br>Las Vegas, NV 89144 | |
| *Attorneys for Synchrony Bank, dba Syncb/Sams Club DC* | |

**ORDER**

IT IS SO ORDERED.

U.S. MAGISTRATE JUDGE

DATED this 31st day of October, 2016.

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

///

///

///

///

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

1  I declare under penalty of perjury under the laws of the United States that the following is true
2  and correct.
3        Executed this _____ day of _____, 2016 at _____.

                                            _____
                                            QUALIFIED PERSON